[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-2168

 TERRENCE BROOKER,

 Petitioner, Appellant,

 v.

 UNITED STATES,

 Respondent, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ronald R. Lagueux, U.S. District Judge] 

 

 Before

 Selya, Circuit Judge, 
 Cyr, Senior Circuit Judge, 
 and Lynch, Circuit Judge. 

 

Terrence Terain Brooker on brief pro se. 
Sheldon Whitehouse, United States Attorney, Margaret E. Curran 
and Edwin J. Gale, Assistant United States Attorneys, on brief for 
appellee.

 

 April 29, 1997
 

 Per Curiam. Pro se appellant Terrence Brooker 

appeals from the denial of his motion to vacate his sentence

under 28 U.S.C. 2255. We affirm.

 In his motion, Brooker alleged that his

constitutional rights to due process and to the effective

assistance of counsel had been violated when his attorney

failed to challenge, at sentencing or on direct appeal, his

enhanced sentencing for conspiring to distribute and to

possess crack cocaine. According to Brooker, the government

failed to prove that the drug crime to which he pled guilty

involved "crack cocaine," rather than some other form of

"cocaine base" for which he would have been more leniently

sentenced. However, the plea hearing transcript shows

unambiguously that, under oath, Brooker knowingly admitted to

having agreed to distribute crack cocaine in taped

conversations with a government informant. "There can be no

question that admissions to the court by a defendant during a

guilty plea colloquy can be relied upon by the court at the

sentencing stage." United States v. James, 78 F.3d 851, 856 

(3d Cir.), cert. denied, 117 S. Ct. 128 (1996). Because the 

record conclusively refutes the allegations in Brooker's

unverified 2255 motion, the district court was fully

justified in denying the motion without holding an

evidentiary hearing. See United States v. LaBonte, 70 F.3d 

1396, 1413 (1st Cir. 1995), petition for cert. granted, 116 

 -2-

S. Ct. 2545 (1996) (a 2255 motion may be dismissed without

an evidentiary hearing if key factual averments in the motion

are contradicted "by established facts of record"; habeas

claims must "rest on a foundation of factual allegations

presented under oath, either in a verified petition or

supporting affidavits"). 

 Moreover, the district court had no obligation to permit

Brooker to file a "traverse" to the government's opposition

to his motion, as Brooker claims. This is so because the

government did not ask for dismissal of the 2255 motion as

a delayed or successive petition. See Barrett v. United 

States, 965 F.2d 1184, 1187 n.3 (1st Cir. 1992) (the 2255 

rules do not contemplate the filing of a traverse, unless the

government's response asks for dismissal of the motion under

Rule 9 relative to delayed or successive motions).

 On appeal, Brooker has made new claims of

ineffective assistance of counsel, proffering a supporting

affidavit which was never presented to the district court.

We decline to consider his new claims. See United States v. 

Ocasio-Rivera, 991 F.2d 1, 3 (1st Cir. 1993) ("It is a 

bedrock principle in this circuit that issues must be

squarely raised in the district court if they are to be

preserved for appeal. That principle applies unreservedly in

the criminal sentencing context."). Brooker has not

 -3-

described any exceptional circumstances that would warrant a

different outcome.

 Affirmed. 

 -4-